**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 19-21348 (JJT) |
| | ) | | |
| KAYLA W. SHEELEY, | ) | CHAPTER | 7 |
| DEBTOR. | ) | | |
| | ) | RE: ECF Nos. | 14, 21 |

## ORDER AND RULING DENYING APPROVAL OF REAFFIRMATION AGREEMENT

Pending before the Court is a reaffirmation agreement (ECF No. 14) filed by creditor American Honda Finance Corporation ("Honda") on behalf of itself and Kayla W. Sheeley (the "Debtor"). The reaffirmation agreement concerns the Debtor's unexpired automotive lease for a 2019 Honda HR-V. On July 31, 2019, the Debtor filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code (ECF No. 1). On September 5, 2019, the Chapter 7 Trustee filed her Final Chapter 7 Report of No Distribution on the Docket (ECF No. 13) certifying that the estate had been fully administered. In doing so, the Chapter 7 Trustee rejected the Debtor's automotive lease with Honda.[1] Based upon a review of the contents of the reaffirmation agreement and the record before the Court, it appears that the Debtor is attempting to effectively assume her 2019 Honda HR-V lease through her efforts to secure court approval of a reaffirmation agreement.

---

[1] Section 365(d)(1) provides: "In a case under [C]hapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected." Section 365(p)(1) further provides: "If a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated." In event that a lease of personal property is either rejected or not timely assumed by the trustee, a debtor, pursuant to Section 365(p)(2)(A), "may notify the creditor in writing that the debtor desires to assume the lease . . . [and] [u]pon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may [further] condition such assumption on cure of any outstanding default on terms set by the contract."

While no opposition or response to the reaffirmation agreement has been filed on the Docket, and notwithstanding the direction of Honda to procure such Court approval, during a hearing on the reaffirmation agreement (ECF No. 21) counsel for the Debtor questioned whether reaffirmation was the proper procedural vehicle given that this was a lease, and not a secured transaction, and because of the apparent split of authority among courts on the proper process and its corresponding legal effect. *Compare In re Garaux*, No. 12-60995, 2012 WL 5193779, at *4 (Bankr. N.D. Ohio Oct. 19, 2012) (holding that a lease obligation assumed under § 365(p) is rendered non-recourse by virtue of the debtor's discharge injunction), *and Thompson v. Credit Union Fin. Grp.*, 453 B.R. 823, 831 (W.D. Mich. 2011) (requiring a § 524(c) reaffirmation agreement or other form of judicial approval for a lease agreement assumed under § 365(p) in order to except that obligation from the discharge injunction),[2] *with Bobka v. Toyota Motor Credit Corp.*, 586 B.R. 470, 487 (S.D. Cal. 2018), *appeal docketed*, No. 18-5688 (9th Cir. 05/30/18) (because § 362(h) indicates that assumption and reaffirmation are independent procedures, not all of which require judicial approval, requiring reaffirmation following an assumption would render § 365(p) superfluous and would lead to anomalous results), *and Williams v. Ford Motor Credit Co., LLC*, No. 15-CV-14201, 2016 WL 2731191, at *7 (E.D. Mich. May 11, 2016) (holding that an assumed lease under § 365(p) is fully enforceable, even without reaffirmation under § 524(c), because requiring such reaffirmation would be adding a step that Congress chose not to include and would strip § 365(p) of its independent significance, while also potentially creating anomalous results).[3]

---

[2] *See also In re Creighton*, 427 B.R. 24, 30 (Bankr. D. Mass. 2007) (holding that an assumption agreement is a species of reaffirmation and, accordingly, requires compliance not only with § 365(p)(2) but also with § 524(c)).
[3] *See also In re Bailly*, 522 B.R. 711, 717 (Bankr. M.D. Fla. 2014) ("[r]eading § 524(c)'s reaffirmation requirements into § 365(p)(2)'s lease assumption procedures is cumbersome, violates all rules of statutory construction, and is not merited"); *In re Perlman*, 468 B.R. 437, 441 (Bankr. S.D. Fla. 2012) ("When § 365(p)(2) lease assumption agreements are filed as 'reaffirmation agreements' under § 524, time and resources are wasted not only by the court, but by the parties when hearings are unnecessarily scheduled. The court has no judicial role to play in § 365(p)(2)

In order to ensure that the practices of comparable parties before this Court conform to the dictates and process requirements of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure, the Court has determined, *sua sponte*, to address whether the filing of a reaffirmation agreement is an appropriate way to obtain court approval to bind the debtor to a pre-petition unexpired automotive lease in Chapter 7. After careful consideration of the relevant decisional law on this issue, the Court determines that the present reaffirmation agreement brought pursuant to 11 U.S.C. § 524(c) is not the proper procedural vehicle, and therefore **DENIES** its approval for the reasons stated herein.

In arriving at this determination, the Court adopts the cogent analysis set forth in *Bobka v. Toyota Motor Credit Corp.*, *supra*, 586 B.R. 470, as the better reasoned authority on the process and one that is most consistent with the procedural and substantive protections established by Congress for these different species of transactions. In *Bobka*, the court conducted a thorough analysis of this quietly vexing issue and concluded that the more appropriate reading of the Bankruptcy Code is that a pre-petition unexpired lease interest should be assumed pursuant 11 U.S.C. § 365(p), rather than through a reaffirmation agreement pursuant 11 U.S.C. § 524(c), for five distinct reasons: (1) § 365(p) would be rendered superfluous by requiring reaffirmation; (2) requiring reaffirmation after assumption would lead to anomalous results;

---

lease assumption"); *In re Ebbrecht*, 451 B.R. 241, 248 (Bankr. E.D.N.Y. 2011) ("Had Congress intended the lease assumption and reaffirmation agreement provisions of the Bankruptcy Code to be interchangeable, it would have said so, but [it] has not. . . . [H]ad Congress intended for leases to be both assumed under Section 365(p) and reaffirmed under § 524, it would have said so, but again, [it] has not. Congress clearly intended to provide two separate provisions covering two very different situations, and adopted two very different procedures.");
*In re Mortensen*, 444 B.R. 225, 231 (Bankr. E.D.N.Y. 2011) (holding that once a lease is assumed, it is assumed subject to any existing encumbrances and the Debtor is bound to accept those obligations along with the benefits) ("Lessors are treated differently than secured lenders under these Code provisions because they have different rights with respect to the debtor's property. A secured creditor has a lien on the debtor's property, whereas a lessor owns the property, subject to the debtor's leasehold rights. These two parties are in different bargaining positions, and the assumption and reaffirmation provisions contained in the Code reflect these differences. The restrictions placed on reaffirmation have no place in an assumption, where the lessor owns the property in question.").

(3) § 362(h)'s use of the disjunctive indicates that assumption and reaffirmation are independent remedies; (4) judicial supervision is not required of all reaffirmations and that this lack of judicial approval makes sense in the context of § 365(p), which recognizes the lessor's power to choose whether to allow assumption; and (5) § 365(p) is more specific to lease transactions, in contrast to § 524(c), which is more general. *Id.,* at 487. This Court agrees with these distinctions, and further agrees that they direct the proper process for unexpired automotive leases.

While Honda's preference for reaffirmation is allegedly motivated by its concerns that an assumption leaves the leasehold debt subject to the Chapter 7 discharge; *see In re Garaux*, *supra*, 2012 WL 5193779, at *4; *Thompson v. Credit Union Fin. Grp.*, *supra*, 453 B.R. 831; *In re Creighton*, *supra*, 427 B.R. 30; this Court believes that concern is misplaced, and is not supported by the Bankruptcy Code (or its policies), or the better reasoned jurisprudence on the issue. *See Bobka v. Toyota Motor Credit Corp.*, *supra*, 586 B.R. 487; *see also* footnote 2 of this Order and Ruling.

Accordingly, for the reasons advanced herein, Court approval of the present reaffirmation agreement is **DENIED**. If the Debtor wishes to assume the Honda lease relating to her 2019 Honda HR-V, the parties must follow the procedure set forth in 11 U.S.C. § 365(p), which, notably allows the creditor to condition the Debtor's assumption, *cum onere*, on an appropriate cure, but does not require subsequent Court approval.

**IT IS SO ORDERED** at Hartford, Connecticut this 6th day of December 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut